### GALE & a., Exrs., *vs.* TAPPAN.

A power of attorney to one, to demand payment of a promissory note, is determined by the death of the principal before the demand is made, and a demand made after the death of the principal is of no avail.

Where the attorney, not being personally acquainted with the defendant, called at his office, and found there a person to whom he presented the note, and showed his authority, and of whom he demanded payment; and the person said that there had been trouble about the note, and he should not pay it; but did not object that the attorney had no authority, and said he was satisfied as to the power

of attorney—*Held*, that this was competent evidence to be submitted to a jury, to prove that a demand was made upon the defendant.

*Held*, also, that the defendant was not estopped, by what he then said, from proving that the principal was dead at the time the demand was made.

ASSUMPSIT on a promissory note, made by the defendant, and payable to one Hannah Tappan, on demand, with interest. The note also contained the following clause : " Settlement to be made at my office, unless the parties happen to be together, and a settlement be made elsewhere."

At the trial, on the general issue, it appeared in evidence that one Eaton took the note, and went to Bradford, where the defendant resides, to demand payment thereof. On the first day of November, 1839, he called on the defendant, as he supposed, at his office, presented the note, and requested payment. The defendant did not deny giving the note, but said there had been trouble about it, and that he did not intend to pay it. Eaton informed him, that he had a power of attorney from Hannah Tappan, and produced it. The defendant did not object that Eaton had no authority to settle the note, and said that he was satisfied as to the power of attorney. Eaton testified, upon his cross examination, that he had never before seen the defendant, and that he could not say that the person of whom he made the demand was the defendant ; that he went to Bradford for the purpose of making the demand, and never doubted that the demand was made upon the right person.

It was proved that Hannah Tappan died in the year 1838.

The defendant contended that the plaintiffs were not entitled to recover, for two reasons.

1. Because there was no competent evidence from which a jury could infer that a demand was made upon the defendant.

2. That the demand was not made upon the defendant, if at all, until long after the decease of Hannah Tappan, and that her death determined the authority given by her to Eaton, by virtue of the power of attorney.

A verdict was taken for the plaintiffs, by consent, subject to the opinion of this court upon the foregoing case.

*James Bell,* for the plaintiffs.

*Bartlett,* for the defendant.

GILCHRIST, J.   The first objection taken by the defendant cannot be sustained.   There is nothing in the case to raise a presumption that the demand was made upon any other person than Tappan, the defendant.   The person called upon appeared to be familiar with the transaction, did not deny his signature to the note, and said that there had been trouble about it.   He was also found at the defendant's office ; and not only is the evidence competent to be submitted to the jury to prove a demand upon the defendant, but it is difficult to resist the conclusion that the defendant was the person upon whom the demand was made.

The other objection, however, is fatal to the maintenance of this suit.   The demand was made by Eaton, not in pursuance of any authority, written or verbal, from the executors, but under the power of attorney from Hannah Tappan. He showed his authority to the defendant, who said he was satisfied as to the power of attorney.   He might be satisfied that it was executed by Mrs. Tappan, and that, upon its face, it sufficiently authorized Eaton to make the demand ; but this does not now estop him from taking the objection, that the authority was then determined by the death of the principal. He might not then have known of her death ; or he might have supposed that the demand was made as well under an authority derived from the plaintiffs, her executors, as under the power of attorney.

It has been often settled that an authority of this kind is determined by the death of the principal.   Where a man makes a deed of feoffment to another, and a letter of attorney to one to deliver to him seizin by force of the same deed, the

Gale *v.* Tappan.

death of the feoffer is, in law, a countermand of the letter of attorney. *Co. Litt.* 52, *b.* An authority confirmed by letter of attorney must be executed during the life of the principal ; for a power to represent another can only continue so long as there is some one to be represented. *Bac. Abr., Authority, E.* A payment of the wages of a sailor to a person having a power of attorney to receive them, has been held void, where the principal was dead at the time of the payment. *Wallace, Adr.,* vs. *Cook, 5 Esp.* 118. And a power of attorney, authorizing the sale of a vessel, is revoked by the death of the owner. *Wallace & ux., Adx.,* vs. *King,* 1 *Stark.* 121. And the same point seems to have been determined in a case in equity, where a power to a creditor to receive a debt, expressly for the purpose of liquidating the claim of the creditor, unaccompanied, however, by any actual assignment of the debt, or by any security to which the power might have been ancillary, was held to be revoked by the death of the principal. *Lepard* vs. *Vernon,* 2 *Ves. & B.* 51. To the same point, also, are the cases of *Harper & a.* vs. *Little,* 2 *Greenl.* 14 ; *Rex* vs. *Corporation of the Bedford Level,* 3 *East* 356, *and Raw* vs. *Alderson,* 7 *Taunt.* 453.

As the authority of Eaton, therefore, was determined by the death of Mrs. Tappan, before the demand was made upon the defendant, the verdict must be set aside, and a

*New trial granted.*